THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA MIELKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| PURE EQUATOR US, INC., | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, VANESSA MIELKE, by and through her attorneys, HOLMAN & STEFANOWICZ, LLC, for her Complaint against the Defendant, PURE EQUATOR US, INC., and states as follows:

### INTRODUCTION

1. This action seeks redress for the improper termination of the Plaintiff's employment by the Defendant in violation of the Plaintiff's rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/2-101, *et seq.*

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, § 1343, and § 1367.

3. On July 27, 2009, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR).

4. On August 11, 2009, the Plaintiff filed a second Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR).

5. On January 25, 2010, the EEOC issued the Plaintiff notices of right-to-sue on her both of her EEOC Charges. (Copies of the Plaintiff's notices are attached hereto as "Exhibit A.") The Plaintiff's cause of action is being filed within 90 day of the Plaintiff's receipt of her notices of right-to-sue.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a) because all the events giving rise to the Plaintiff's claims occurred within this District, and the Plaintiff resides and the Defendant's principle place of business is within this District.

## PARTIES

7. On October 1, 2008, The Defendant, PURE EQUATOR US, INC., hired the Plaintiff, VANESSA MIELKE, as an Account Manager. On or about July 17, 2009, the Defendant demoted the Plaintiff to Assistant Account Manager. On August 7, 2009, the Defendant terminated the Plaintiff's employment.

8. At all times relevant hereto, the Defendant, PURE EQUATOR US, INC., was an employer under the Americans with Disabilities Act, 42 U.S.C. § 12202 & 12111(5)(A).

9. At all times relevant hereto, the Defendant, PURE EQUATOR US, INC., was an employer under the Illinois Human Rights Act, 775 ILCS 5/2-101(B).

## BACKGROUND FACTS

10. At all times relevant hereto, the Plaintiff has and continues to suffer from Multiple Sclerosis (hereinafter "MS"). MS is a disease that afflicts the central nervous system, and can impair the movement and functions of the entire body. MS causes the myelin -- a soft, white, fatty substance that forms a protective sheath for the nerves -- to break down and slows or blocks the flow of signals to and from the central nervous system to the rest of the body, impairing such functions as vision, strength, or coordination.

11. The symptoms of MS that the Plaintiff exhibits include severe migraines; diminished physical endurance that results in loss of sensation in arms and legs and inability to walk; and diminished cognitive abilities such as memory, inability to focus, and word recognition issues. These symptoms can be brought on by stress, fatigue and lack of sleep.

12. At all times relevant hereto, the Defendant, by and through its employees, agents and supervisors were aware that the Plaintiff had MS and were aware of and witnessed the Plaintiff's disability, condition, and its symptoms.

13. As an Account Manager, the Plaintiff's immediate supervisor, Katy Ludwig ("Ludwig"), routinely required the Plaintiff to work exceedingly long overtime hours, despite the fact that her job description and/or duties did not require overtime.

14. Ludwig required that the Plaintiff work ten (10) to twelve (12) hours per weekday, and work on weekends and holidays. The Plaintiff's co-workers were only required to work eight (8) hours per weekday, and were not required to work weekends or holidays.

15. As a result of the excessive overtime hours, the Plaintiff experienced an exacerbation of her MS symptoms, such as severe migraines; diminished physical endurance that resulted in loss of sensation in arms and legs and inability to walk; and diminished cognitive abilities such as memory, inability to focus, and word recognition issues.

16. On May 15, 2009, the Plaintiff sent Ludwig notification that she was suffering from a severe migraine, a symptom of her MS, brought on by a lack of sleep due to the overtime hours she was working.

17. On May 16, 2009, the Plaintiff requested a reasonable accommodation by emailing Ludwig and Sue Allsopp, the President of Pure Equator US, Inc., advising them that her physician has instructed her to limit her overtime hours to five (5) hours per week due to her MS symptoms.

18. Contrary to this request for a reasonable accommodation, Ludwig did not limit the Plaintiff's overtime hours. Instead, Ludwig required the Plaintiff to work over the Memorial Day weekend, advising Plaintiff that she must "work whatever hours necessary to work through all emails and requests." The Plaintiff's co-employees were not required to work over Memorial Day weekend.

19. On May 29, 2009, the Plaintiff sent a second request for a reasonable accommodation, by emailing Ludwig and Allsopp advising them that due to the continued long overtime hours her MS symptoms have worsened and that Plaintiff's physician has once again requested that her overtime be limited to five (5) hours per week.

20. Despite this request for a reasonable accommodation, Ludwig still required the Plaintiff to work between ten (10) and twelve (12) hours per weekday and weekends.

21. On June 1, 2009, Defendant hired Denise Snow, a non-disabled individual, as Senior Account Manager. Defendant did not make the Senior Account Manager position available to the Plaintiff, even though the Plaintiff is more qualified for said position than Denise Snow.

22. On June 23, 2009, the Plaintiff advised Ludwig that she needed assistance so that she could avoid working ten (10) to twelve (12) hours per day, which exacerbates Plaintiff's MS symptoms. Ludwig refused the Plaintiff's request for help.

23. On June 23, 2009, following Ludwig's refusal to provide Plaintiff with assistance, the Plaintiff provided Ludwig with a request for an accommodation from her neurologist, Dr. Donald Kuhlman. Dr. Kuhlman requested that due to the Plaintiff's symptoms from MS, her weekly work schedule should not exceed forty-five (45) hours per week.

24. On June 23, 2009, the Plaintiff also sent an email with a copy of her physician's request to Allsopp and Denise Snep, Defendant's Human Resources

representative, once again stating that her long overtime hours needed to be limited due to her MS symptoms.

25. Contrary to the Plaintiff's physician's orders, the Defendant refused to provide the Plaintiff the reasonable accommodation requested.

26. On June 26, 2009, the Plaintiff once again sent an email to Ludwig and Allsopp stating that due to her overtime hours, her MS symptoms were flaring up in the form of extreme migraines and loss of sensation in her arms and legs. The Plaintiff once again requested that her overtime hours be reduced.

27. On June 27, 2009, pursuant to the policies and procedures outlined in the Defendant's Employee Handbook, the Plaintiff sent a written complaint to Allsopp outlining the discrimination she was enduring as a result of her disability -- MS. The Plaintiff also complained about Defendant's failure to provide Plaintiff with and/or to work with the Plaintiff to find a reasonable accommodation, despite the Plaintiff and her physician's request for one.

28. In violation of its own policies and procedures, the Defendant failed to respond to Plaintiff's written complaint.

29. On July 2, 2009, the Plaintiff sent an email to Ms. Ludwig stating that she was incapacitated from her MS as a result of working until 10:30 pm the evening before, and that she would be out of the office so that she could see her physician regarding these symptoms. Once again, the Plaintiff requested that the Defendant meet her request for a reasonable accommodation.

30. On July 15, 2009, the Plaintiff sent an email to Allsopp requesting to speak with her regarding her request for a reasonable accommodation. Ms. Allsopp did not respond to the Plaintiff's request.

31. On or about July 17, 2009, the Defendant demoted the Plaintiff to a Junior Account Manager role. The demotion resulted in a reduction in the Plaintiff's salary.

32. The Plaintiff's demoted position did not result in a decrease in the required overtime hours that the Plaintiff was required to work. As a Junior Account Manager, the Plaintiff was still working ten (10) to twelve (12) hours per weekday and weekends.

33. On July 27, 2009, the Plaintiff filed a Charge of Discrimination with the IDHR and the EEOC claiming discrimination based upon her disability and retaliation.

34. On August 7, 2009, the Defendant terminated the Plaintiff's employment. The Defendant advised the Plaintiff that she was being terminated because she "seem[ed] unhappy with her new position."

## COUNT I
## (VIOLATION OF THE ADA)

35. The Plaintiff repeats and realleges paragraphs 1-34 as if set forth fully herein.

35. At all times relevant to the actions complained of herein, the Plaintiff was disabled within the meaning of the ADA, 42 U.S.C. § 12102(2), because the Plaintiff suffered from a mental and physical impairment that substantially limits one or more major life activities, and the Defendant was aware and had a record of the Plaintiff's impairment.

36. The Plaintiff, with reasonable accommodations, as suggested by the Plaintiff's physician, Dr. Donald Kuhlman, M.D., was capable of performing the essential functions of her job. 42 U.S.C. § 12111(8).

37. The Defendant violated the ADA when it refused to make reasonable accommodations to the known mental and physical limitations of the Plaintiff, who was otherwise qualified. 42 U.S.C. § 12112(b)(5).

38. The Defendant violated the ADA when it failed to make the open Senior Account Manager position available to the Plaintiff and/or failed to promote the Plaintiff to Senior Account Manager, even though Plaintiff was qualified for said position.

39. The Defendant's demotion of the Plaintiff because of her disability violates the ADA, 42 U.S.C. § 12101, *et seq.*

40. The Defendant's discharge of the Plaintiff because of her disability violates the ADA, 42 U.S.C. § 12101, *et seq.*

41. The Defendant's violation of the ADA has proximately caused the Plaintiff to suffer damages, including without limitation, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

42. The Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights under the ADA. The Plaintiff is thus entitled to recover punitive damages in an amount sufficient to punish the Defendant and to act as a deterrent to future discriminatory acts.

WHEREFORE, Plaintiff Vanessa Mielke respectfully requests:

    a. All wages and benefits the Plaintiff would have received but for the discrimination, including pre-judgment interest;

      b.     Compensatory damages in an amount to be determined at trial to compensate the Plaintiff for depression, humiliation, anguish, emotional distress, and defamation, caused by Defendant's conduct;

      c.     Award the Plaintiff reasonable cost of past and future medical care that is needed according to proof;

      d.     Defendant be required to pay prejudgment interest to the Plaintiff on these damages;

      e.     Award the Plaintiff punitive damages;

      f.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

      g.     Such other relief as the Court deems just and proper.

## COUNT II
### (VIOLATION OF THE IHRA)

43. The Plaintiff repeats and realleges paragraphs 1-34 as if set forth fully herein.

44. At all times relevant to the actions complained of herein, the Plaintiff was disabled within the meaning of the IHRA, 775 ILCS § 5/1-103(I), because the Plaintiff suffered from a determinable mental and physical characteristic that is unrelated to her abilities to perform her job duties as Account Manager and/or Junior Account Manager, and the Defendant was aware and had a record of the Plaintiff's disability.

45. The Defendant violated the ADA when it failed to make the open Senior Account Manager position available to the Plaintiff and/or failed to promote the Plaintiff to Senior Account Manager, even though Plaintiff was qualified for said position.

46. The Defendant's demotion of the Plaintiff because of her disability violates the IHRA, 775 ILCS § 5/6-101, *et seq.*

47. The Defendant's discharge of the Plaintiff because of her disability violates the IHRA, 775 ILCS § 5/6-101, *et seq.*

48. The Defendant's violation of the IHRA has proximately caused the Plaintiff to suffer damages, including without limitation, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

49. The Defendant acted with malice or reckless indifference to the Plaintiff's federally protected rights under the IHRA. The Plaintiff is thus entitled to recover punitive damages in an amount sufficient to punish the Defendant and to act as a deterrent to future discriminatory acts.

WHEREFORE, Plaintiff Vanessa Mielke respectfully requests:

a. All wages and benefits the Plaintiff would have received but for the discrimination, including pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensate the Plaintiff for depression, humiliation, anguish, emotional distress, and defamation, caused by Defendant's conduct;

c. Award the Plaintiff reasonable cost of past and future medical care that is needed according to proof;

d. Defendant be required to pay prejudgment interest to the Plaintiff on these damages;

e. Award the Plaintiff punitive damages;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court deems just and proper.

The Plaintiff demands trial by jury as to all counts.

                                                                         Respectfully submitted,
                                                                         PLAINTIFF,

                                                                         s/      Tara Beth Davis
                                                                              _____
                                                                        By:     One of her Attorneys

Brian R. Holman
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
233 S. Wacker Drive, Suite 5620
Chicago, Illinois 60606
(312) 258-9700

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Vanessa Mielke
166 Hidden Pond Cir
Aurora, IL 60504

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0018 8818 5148

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2009-02822 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/mjh*          01-25-2010

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc: PURE EQUATOR US
515 N River St #200
Batavia, IL 60510

PLAINTIFF'S
EXHIBIT
A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Vanessa MIELKE<br>166 Hidden Pond Cir<br>Aurora, IL 60504 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7099 3400 0018 8818 5148**

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2009-03013 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/mjh*   01/25/2010

Enclosures(s)

John P. Rowe,
District Director

*(Date Mailed)*

cc: **PURE EQUATOR US**
515 N River St #200
Batavia, IL 60510